PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2020 MAR 12  AM 10: 51

DEPUTY CLERK _____

## IN THE UNITED STATES DISTRICT COURT

FOR THE ___Nothern___ DISTRICT OF TEXAS

___Abilene___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

___Kenneth DeWayne Roblez___
**PETITIONER**
(Full name of Petitioner)

___Robertson___
**CURRENT PLACE OF CONFINEMENT**

vs.

___2182574___
**PRISONER ID NUMBER**

**1-20CV-050-C**

___Lorie Davis___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☐   A judgment of conviction or sentence,       (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☐   A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☑   A disciplinary proceeding.                    (Answer Questions 1-4, 15-19 & 20-25)
☐   Other:_____                        (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _Nothern district, Jones_

     _County_ _____

     _____

2.   Date of judgment of conviction: _03-12-19_ _____

3.   Length of sentence: _6 months_ _____

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _attempt to establish an inappropiate Relationship_

     _____

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)    ☐ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.  Kind of trial: (Check one)    ☐ Jury    ☐ Judge Only

7.  Did you testify at trial?    ☐ Yes    ☐ No

8.  Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    _____    Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)?_____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____    Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☐ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

(a)  If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)  Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you any amendment to the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.   Date and location of your parole revocation: _____

14.   Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☒ No

16.   Are you eligible for release on mandatory supervision?   ☒ Yes   ☐ No

17.   Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: <u>Robertson Unit / 12071 FM 3522 Abilene, TX 79601</u>

Disciplinary case number: <u>20190154634</u>

What was the nature of the disciplinary charge against you? <u>Comprimising employee / security</u>

18.   Date you were found guilty of the disciplinary violation: <u>03-12-19</u>

Did you lose previously earned good-time days?   ☒ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: <u>30 days</u>

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
<u>60 days loss of commissary privileges, 60 days loss of phone privileges, 45 days loss of recreation privileges, dropped G-2 to G-4 custody, dropped S3 to S4 line class, moved to medium custody and 10 days in Ad-Seg. (PHD). SEE: Exhibit D</u>

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☒ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

<u>Step 1</u> Result: <u>verdict of guilt</u>

–5–

Step 2 Result: guilty verdict supported

Date of Result: 05-30-19

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Fourteenth Amendment Violation (Due Process) Denied Video Footage

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   DHO Hudson denied me video footage multiple times even though video would have shown I was nowhere in the area at time of alleged incident (04:40). So, it would be impossible for me to commit this alleged act. The reason for denied video, was no audio but I requested video for location purposes on the hearing recorder and my Step 1 and step 2 grievance no. 2019097375 Exhibit A.

B. **GROUND TWO:** Fourteenth Amendment Violation (Due Process) Denied Witness

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   DHO Hudson denied me LT. Boyd who was a TDCJ Employee at the Robertson Unit with rank of lieutenant as a witness. I requested him on the recorder at my hearing I was denied due process to cross-examine him to discredit LMTI C. Pittcock's accusation. I also requested this on Step 1 grievance no. 2019097375, Exhibit A. DHO Hudson didn't even attempt to call him.

C.    **GROUND THREE:** Fourteenth Amendment Violation (Due Process) Inadequate Legal Counsel

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Substitute Mollie Burnham failed to object even once at hearing, even when video was denied or when my witness was denied or when DHO Hudson stated incorrect TDCJ Policy that would have proved my due process violated. I even mentioned this on hearing recorder and Step1 and Step 2 grievance no. 2019097375, Exhibit A. C.S. Burnham, C.S. III V. Ference and all Substitute Counsels failed to assist me in appeal. SEE: grievances Step1 and Step 2 no. 2019097375 and no. 2019112539

D.    **GROUND FOUR:** Fourteenth Amendment Violation (Due Process) Denied Fair and Impartial Decision-Maker in hearing

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

DHO Hudson denied my witness, denied me video footage, allowed LMII C. Pittrock to change her story (her original time of 04:40) after I contested the time. DHO Hudson showed deliberate intent to suppress evidence by ignoring TDCJ Policy which states this case is supposed to be written up immediatly by telling me on hearing recorder they have 30 days to write it up even though I told her TDCJ Disciplinary Rules and handbook says immedietly. See: Step1 and Step 2 grievance no. 2019097375

21.    Relief sought in this petition: To have my case overturned and to have a fair and impartial decision-maker in the hearing and to have adequate legal counsel that follows all TDCJ Policies and who grants my Fourteenth Amendment Rights if I go back to court.

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☑ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?  ☐ Yes  ☑ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: <u>Counsel Substitute Mollie Burnham</u> _____

(d)  At sentencing: <u>Counsel Substitute Mollie Burnham</u> _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

_____
Signature of Attorney (if any)

_____

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

      Executed (signed) on _____ (date).

_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: <u>Robertson Unit 12071 FM 3522 Abilene, TX 79601</u> _____

_____

C/C

# MEMORANDUM ···

Ex parte Kenneth Roblez      { In the United State District Court
                             { For the Nothern District of TX

Petitoner Kenneth Roblez files this memo in support of this petition
would show the following:

## SUPPORT FOR GROUND ONE
### RULES

Prison officials violate the Fourteenth Amendment when they act with
objective views toward a prisoner by refusing to allow a key piece of evidence
such as video footage. Piggie v. McBride 277 Fed 922, Wolff v. McDonnell,
418 U.S. 539 (1974) proves a prisoner's innocence

## APPLICATION

As I wrote in my complaint to deal with my hearing DHO Hudson denied my
request for video footage. At my hearing I requested video footage to show I was
not in the location when the alleged incident was written up. So there's no way I
could have committed this act so video would be a key factor in proving my
innocence. DHO Hudson's response was video has no audio so she can't tell what
me and LMII C. Pittcock are saying to each other so video is denied. I responded
on the hearing recorder that I wanted video because it would show I was nowhere
near LMII C. Pittcock at time of alleged offense I was at a different
building. I requested video multiple times to make it clear this was extremely
important. There's no security risk or harm for video to be used. I used the prison

grievance system on March 20, 2019 for an appeal, it was denied on April 05, 2019. I then sent a Step 2 grievance on May 12, 2019 on the appeal, it was denied on May 30, 2019. SEE: Exhibit A grievance no.'s 2019097375 for my Step 1 and Step 2. Also, listen to the recorder and veiw the video footage. I then sent a letter to the Disciplinary Coordinator on January 27, 2020, as of this date I've recieved no response: SEE: Exhibit B.

## CONCLUSION

A.W. Griffin's denial of my Step 1 appeal and B. Burnett's denial of my Step 2 appeal amount to denying me due process (especially denying me video) which violates the Fourteenth Amendment. SEE Exhibit: A and B and listen to hearing recorder and veiw video. For this reason my case should be overturned

## SUPPORT FOR GROUND TWO
## RULES

Prison officials violate the Fourteenth Amendment when they deny prisoners their right to have a witness testify for thim. Wolff v. McDonnell 418, U.S. 539 (1974).

## APPLICATION

As I wrote in my complaint that deals with my hearing DHO Hudson denied LT. K. Boyd as my witness who is a Lieutenant at the Robertson Unit which this denied me the chance to cross-examine since LT. Boyd had information that could have helped in discrediting LMII Pittcock's accusation. I requested multiple times to have LT. Boyd as a witness which DHO Hudson denied everytime. There's

no security risk in having LT. Boyd as a witness. I used the prison grievance system on March 22, 2019 on this issue, it was denied on April 05, 2019. I send a Step 2 grievance on May 12, 2019 on this issue, it was denied on May 30, 2019. The grievance no. to both grievances are no. 2019097375. SEE Exhibit-A and listen to the hearing recorder. I then sent a letter to the Disciplinary Coordinator on January 27, 2020 and as of this date, no response. SEE Exhibit-B.

## CONCLUSION

A.W. Griffin's denial of my Step 1 and B. Burnett's denial of my Step 2 along with DHO Hudson denying my witness denies me due process which violates the Fourteenth Amendment. For this reason my case should be over-turned

## SUPPORT FOR GROUND THREE
### RULES

Prison officials violate the Fourteenth Amendment when they deny prisoners their right to adequate legal counsel. Wolff v. McDonnell, 418, U.S. 539 (1974), TDCJ Disciplinary Rules and Procedures.

## APPLICATION

As I wrote in my complaint to deal with my hearing counsel substitute Mollie Burnham failed to grant me adequate legal counsel. This was the first major court hearing I've ever been to in the 5 plus years I've been in the TDCJ system so I had little to no experience. C.S. Burnham never objected a single time, she said maybe 20 words during the argument phase (she made me do the talking). Even when I

mentioned to DHO Hudson that a procedural error was made by LM II C. Pittcock since she wrote me up past the required time required by the TDCJ Disciplinary Rules and Procedures and DHO Hudson went against a written TDCJ Policy C.S. Burnham never objected. DHO Hudson stated on the recorder they have 30 days to write this up, I informed her of TDCJ Policy, DHO Hudson still stated I was wrong, C.S. Burnham stayed silent. This can be proven by the hearing recorder. C.S. Burnham also objected not once to other due process and procedural errors like my witness (LT. Boyd) being denied; my video footage request being denied, the recorder being turned off twice and DHO Hudson's remark that I'm better off pleading guilty when she turned the recorder off. All I need is one procedural error or one due process error to overturn my case and my C.S. (Mollie Burnham) objected not once. The recorder will verify this along with Exhibit A, grievance step 1 and step 2 no. 2019097375, Exhibit B and Exhibit C grievance step 1 and step 2 no. 2019112539

## CONCLUSION

A.W. Griffin's denial of my step 1 and B. Burnett's denial of my step 2 grievance no. 2019097375 (Exhibit A) and no. 2019112539 (Exhibit C), Exhibit C was denied by the grievance department, along with C.S. Mollie Burnham and Veronica Ference C.S. III and all Robertson Counsel Substitutes violated the Fourteenth Amendment by denying me adequate legal counsel and due process. For this reason my case should be overturned.

## SUPPORT FOR GROUND FOUR
## RULES

Prison officials violate the Fourteenth Amendment when they deny prisoners their

CIL

right to have a Disciplinary Hearing Officer that consistantly ignores rights to due process such as video footage, witnesses and their own Policy they have to follow. Wolff v. McDonnell, 418, U.S. 539 (1974).

## APPLICATION

As I wrote in my complaint to deal with my hearing DHO Hudson was extremely subjective toward me. She denied me a witness who was a Lieutenant at the same unit this alleged incident happened. No security risk here or even an inconvience. DHO Hudson also allowed LMII C. Pittcock to change her story on the time she said this alleged incident happened after I contested the time since 04:40 would put me in a whole other building. She even allowed LMII C. Pittcock to give a major time gap from 03:00 to 04:40, because video would have proven I was nowhere near LMII C. Pittcock on her original time of 04:40. Time should be accurate since TDCJ Disciplinary Rules and Procedures require that the offense I was charged with to be written up on I-210 at time of incident. (There's a spot for the time). This can all be verified on the hearing recorder. Also, it can be found on Step 1 and Step 2 grievance no. 2019097375 (Exhibit A) - DHO Hudson also stated incorrect information by stating they have 30 days to write this offense up even though I told her multiple times TDCJ Policy states it's to be written up immediatly. DHO Hudson also stated I would be better off pleading guilty after she turned off the recorder. The recorder will verify this along with Exhibit A, grievance Step 1 and Step 2 no. 2019097375 and Exhibit B.

## CONCLUSION

A.W. Griffin's denial of my Step 1 and B. Burnett's denial of my stop 2 no. 2019 097375 and the Disciplinary Coordinators refusal to answer my letter sent on

January 27, 2020 (Exhibit B) amount to bias that and DHO Hudson's conduct of multiple denials of due process violate the Fourteenth Amendment. For this reason my case should be overturned.

EXHIBIT A

GRIEVANCE No. 2019097375, STEP 1 and STEP 2

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER
### GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2019097375

Date Received: MAR 22 2019

Date Due: 04-21-19

Grievance Code: 410

Investigator ID #: 2553

Extension Date: N/A

Date Retd to Offender: APR 0 5 2019

Roblez, Kenneth

Offender Name: Kenneth Roblez          TDCJ # 2182574

Unit: Robertson          Housing Assignment: 7 H-28T

Unit where incident occurred: 3 GYM

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _____ When? _____

What was their response? _____

What action was taken? _____

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Case Number - 2019015 4634. On 03-12-19 I was found guilty in 3 GYM by Captain Hudson on Attempt To Establish An Inappropiate Relationship. My Grievance is on the result of this case. The statement and offense description made by Officer Cynthia Pittcock, LM II was false since I wasn't in Laundry (6 Building) at that time. That means there's no way I could have told her anything. After I made that statement about the time Officer Pittcock changed her statement about the time. By doing that she made a false statement on a State document. She said and changed her statement to the time could have been 3am or 4am and of course 4:40am the time she wrote. If she notified her Supervisor at the time of the alleged incident then she would have written the accurate time down. Not guessed it. Also, this type of case is a security risk (it says so in the offense description) why was I not locked up immediately? That's protocol. I mentioned this to Captain Hudson and she commented that they have 24 hours to investigate. It took 23 hours to write me up on a security risk. I mentioned to Captain Hudson about me not being in Laundry at 4:40am and to check the camera footage because it's time stamped. Her comment was no because there's no audio. As for the incorrect time Captain Hudson said it doesn't have to be the exact time. If the time is off that denies me due process because they locked me up over 23 hours later which means if the alleged incident happened at 3:00am which Officer Pittcock said was possible then it went over 24 hours to investigate. Captain Hudson turned off the tape recorder twice. In the Disciplinary Rules Handbook it says the recorder should never be turned off. When the recorder was off one of the remarks Captain Hudson made was you're better off if you plead

---

I-127 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix F

guilty. During my CC-H050-C Substitute Counsel Starla Fisher was ineffective. She didn't obtain all documentary evidence for me and she didn't object to the tape recorder being turned off. I also asked Captain Hudson to question Officer Pittcock about other offenders telling Officer Pittcock I was going to get with her and if she didn't give it up then I would get her. Captain Hudson denied my question. LT. Boyd also made the comment to me that he would make sure I got locked up and wrote up. He told Officer Pittcock to write me up and add additional charges. As of now I've sent three I-60's to my Substitute Counsel on Appeal procedure and why she didn't speak up. I shouldn't be convicted on hearsay. With No witnesses.

**Action Requested to resolve your Complaint.**

The Case to be overturned.

**Offender Signature:** _Kenneth Roby_                     **Date:** 03-20-19

**Grievance Response:**

Your complaint has been investigated and reviewed. Disciplinary Case # 20190154634 was reviewed. The charge was appropriate for the offense. All due process requirements were satisfied, the verdict of guilt was supported by the preponderance of the evidence. The punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action warranted in this matter.

**Signature Authority:** _A.W. Griffin_                **Date:** 4/5/19

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: __ __ __ __ __ | |
| **2nd Submission** | UGI Initials:_____ __ |
| Grievance #: __ __ __ __ __ __ __ __ __ __ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: __ __ __ __ __ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

JUN 1 4 2019

Resubmitted

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Roblez Kenneth          TDCJ # 2182574

Unit: Robertson          Housing Assignment: 7G-36T

Unit where incident occurred: 3 GYM

RB

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Grievance #:</td><td>2019097375</td></tr>
<tr><td>UGI Rec'd Date:</td><td>MAY 1 4 2019</td></tr>
<tr><td>HQ Rec'd Date:</td><td>MAY 1 6 2019</td></tr>
<tr><td>Date Due:</td><td>06-13</td></tr>
<tr><td>Grievance Code:</td><td>410</td></tr>
<tr><td>Investigator ID#:</td><td>DSO</td></tr>
<tr><td>Extension Date:</td><td></td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

I wasn't given a fair investigation. They took less than 2 weeks to investigate. 2 Rulings from 41LED2D 935, 418 US 539 WOLFF v. McDONNELL. 1. (Officer's testimony cannot be only deciding factor) Officer Cynthia Pittcock LMII's statement was the only evidence presented against me at Court. 2. (The adequacy of legal assistance offered to prisoners). One or more of my civil rights were violated by Counsel Substitute being ineffective in assisting me with my Appeal. I repeatedly asked Veronica Ference C.S.III and all Substitute Counsels for help. I sent I-60s to them Dates of 03-15-19, 03-19-19, 04-02-19, 04-08-19, 04-10-19 to Veronica Ference. On same dates I also sent I-60s addressed to Substitute Counsel so Any Substitute Counsel could answer. Those are just some dates. I told Veronica Ference and all Substitute Counsels I have limited Knowledge and I'm forced with getting information from sources like an old 2015 Disciplinary Rules and Procedures handbook since that's the newest Robertson Law Library carries. That's also a Procedural Right violated which is one of 3 grounds for an appeal. During Court my Substitute Counsel was ineffective, she spoke maybe 20 words during arguments, no objection on Recorder being Turned Off twice, Recorder was turned off right after phone rang. (You can see it in Camera). Robert Baker made comment, It Happens, even after I mentioned in Disciplinary Rules and Procedures it says Recorder is NEVER turned off. He also tried to talk me out of mentioning statements or documentary evidence that I wasn't shown by my Substitute Counsel. Not all statements were read into recorder. Substitute Counsel also failed to object on Captain Hudson's comment of (You're better off pleading guilty) when recorder was turned off. Robinson v. Young 674 F Supp 1356, 1368 (Prison Disciplinary Committee cannot rely soley on Report [ I.E. I-210 offense Report in finding prisoner guilty on prison infraction. There must be independent proof in record) Officer Pittcock's statement was only evidence. Piggie v. McBride 277 Fad 922 (Denial of Prisoners request to have videotape I-Camera recording, security system, Disk reviewing Etc.) of incident reviewed by disciplinary committee of prison violated due process rights,

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

Capt. Hudson denied me video footage when I asked for it to show I wasn't in the building time of alleged incident. My request had nothing to do with Audio. She said time doesn't have to be exact and they have 30 days to write case. That's incorrect My offense requires to notify Supervisor or Complete I-210 at Time of Incident, from Disciplinary Rules and Procedures. If offense happened at 3am Officer Pittcock changed time in Recorder? that's past 24hrs from write-up I request and want reviewing authority to listen to recorder and review video footage.

**Offender Signature:** Kenith Robby                                     **Date:** 05-12-19

**Grievance Response:**

Disciplinary Case #20190154634 and all related investigative documentation has been reviewed. The 30.1 disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted by this office.

**Signature Authority:**   **B. BARNETT**   BBarnett       **Date:** 5-30-19

**Returned because:**   *Resubmit this form when corrections are made.*

☑ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission                 CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission                     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission                     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

EXHIBIT B

DISCIPLINARY COORDINATOR (LETTER)

TO: Disciplinary Coordinator

My name is Kenneth Koblez #2182574. TO Start: To proceed in federal court you must ordinarily first exhaust your available state-court remedies My step 2 was returned to me on 05-30-19 being denied by B. Barnett. I'm writing you before I file a Habeas Corpus 2254 for violating Wolff v. McDonnell, 418 U.S. 539 <u>multiple times</u>. I was G-4'd because they wanted me out of the way of a drug ring. I did mention this to Major Sadler and Sgt. J. Reyes. The main offenders that manipulated LMII C. Pittcock into writing me up is Timothy Huddley #1410340 (also goes by T-Rock), the other offender Andy Guzman #434087. I'm showing why my case was pushed through.

Here's Procedural Errors and other Errors:

• I'm denied video footage by DHO Hudson (her reason-no audio, I asked on recorder for video to show I wasn't in area at time of alleged incident, what's audio have to do with location?) • I was denied LT. Boyd as a witness. (I asked for him on recorder). • My counsel substitute said no more than 20 words during arguments (probablly around 10 words.) Not even one objection. Lack of assistance on recorder. • LMII Pittcock changed her initial time from 04:40 to 03:00 or 04:00 and of course she still said it could be 04:40. She did this <u>after</u> I stated I wasn't in area at 04:40. She even said she wasn't sure of time. (of course this is all on recorder.) DHO Hudson on recorder giving false information, stating LMII Pittcock had 30 days to write me up. (DHO needs to read Disciplinary Rules and Procedures where it says I must be written up immediatly via I-210 on this type of offense I'm stating what's on recorder but once I file a lot more will be added. Legally

I don't have to write you to proceed but I'm giving you and the TDCJ an opportunity to resolve this. I have no issue going public once I go federal. Especially on the drug ring.

Here's grievances to help with your decision:

Step 1 - #2019097375 - appeal on attempt to establish inappropiate relationship
Step 2 - #2019097375 - appeal on attempt to establish inappropiate relationship
Step 1 - #2019112539 - ineffective counsel assistance

Sincerely
Kenneth Robley

GRIEVANCE No. 2019112539, STEP 1 and STEP 2

# Texas Department of Criminal Justice

## STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Roblez, Kenneth    TDCJ # 2112574

Unit: Robertson    Housing Assignment: 7 H-21T

Unit where incident occurred: H-28 cell

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Veronica Ference Counsel Substitute III    When? 04-15-19

What was their response? No Response    APR 23 2019

What action was taken? None    APR 23 2019

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I'm grieving Veronica Ference Counsel Substitute III for violation of TDCJ Policy from 2017 Offender Orientation Handbook, Page 72-73 under Counsel Substitute Program 3.-D. It shows offender shall be provided with Counsel Substitute when the offender is confined to any form of segregation before the disciplinary hearing. I was confined in Pre-Hearing Detention before my disciplinary hearing. Page 73 under Appeal Process-Counsel Substitute shall assist with an appeal if offender requests assistance. I requested assistance from my Counsel Substitute on date of hearing. Her response was, send I-60. I sent multiple I-60's to Veronica Ference, dates of 03-15-19, 03-19-19, 04-02-19, 04-08-19, 04-10-19 and 04-15-19. The date of 04-15-19 complies with the Grievable Time that's allowed. I also sent multiple I-60's addressed to Substitute Counsel, that way any Substitute Counsel was allowed to answer. I've sent more I-60's than the dates I listed. These were just some. I recieved one response from Veronica Ference. Since Veronica Ference responded to my I-60 she took it upon herself to communicate with me on my appeal issues since the I-60 she responded to was addressed Substitute Counsel. I have copies of that I-60. I asked for statements and everything for my appeal. Her response, write Law Library. I did and they responded it would take at least 30 days to get me the information. I wrote Veronica Ference what they said and to remind her that I didn't have 30 days (because of Appeal deadline). I asked her to bring evidence, but recieved no response. I was forced to finish my appeal from information sources such as an old 2015 TDCJ Disciplinary Rules and Procedures Handbook since Robertson Law Library doesn't carry anything newer. I also mentioned that I've never done an Appeal and my knowledge is limited so I need all assistance I can get. Also, the one time I met Robert Baker his assistance was out of compliance per TDCJ Policy. I mentioned to him that during the Disciplinary Hearing the Tape Recorder was Turned off Twice, his comment "It Happens". I then mentioned in Disciplinary Rules and

APR 23 2019

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

SEP 23 2019

SEP 23 2019

Appendix F

Procedures Handbook, Page 17 section D under Recorder it says Recorder shall not be turned off at any time. Robert Baker's comment on that was "Well it Still Happens". So the limited assistance, almost none I did recieve was actually harmful to my appeal. I need the Camera Video to be viewed to show me constantly dropping I-60's in 7-Building mailbox attempting to contact Veronica Ference and any other Substitute Counsel. Video will also show extremly limited contact with any Counsel Substitute. Veronica Ference and all Counsel Substitutes violated TDCJ Policy by forcing me to file my appeal without adequate legal assistance even though I did request assistance multiple times. In closing my Constitutional Right to adequate legal assistance was violated. APR 2 3 2019

---

**Action Requested to resolve your Complaint.**
That Veronica Ference and All Counsel Substitutes to be trained to be in compliance with TDCJ Policy for future assistance to me and other Offenders. APR 2 3 2019

Offender Signature: Kenneth Kahl _____ Date: 04-22-19

**Grievance Response:**

**Signature Authority:** _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** S. Sullivan

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission   UGI Initials:
Grievance #: 2019112539
Screening Criteria Used: 01-499
Date Recd from Offender: APR 2 3 2019
Date Returned to Offender: APR 2 3 2019
2nd Submission   UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission   UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

UGI Recd Date: _____

HQ Recd Date: _____

Date Due: _____

Grievance Code: _____

Investigator ID#: _____

Extension Date: _____

Offender Name: **Roblez, Kenneth**     TDCJ # **2182579**

Unit: **Robertson**     Housing Assignment: **3C-35T**

Unit where incident occurred: **Robertson**

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**     *I am dissatisfied with the response at Step 1 because...*

Samantha Sullivan Investigator II Lied to me saying my Step 1 was past the date allowed to grieve and that makes no sense because on line 9 I state the date of 04-15-19 is the date I'm grieving. She told me verbally because she marked the grievable time expired box then no Step 2 is allowed. I was new to the grievance process so I believed her. I'm still new compared to others but I have a lot more knowledge, including that under no circumstances am I not allowed to file a Step 2. I know I'm passed the 15 day rule but in accordance with the Civil Rights Resource Guide, Pg. 7, I'm invoking the exception to this rule where it says the 15 day rule is an exception if prison staff tell you that you cannot file a grievance or cannot appeal. There's also another offender I've helped where she told him the same thing, Marcos Morataya #2168913. She also told offender Clarence Davis #2212593 that he can only file an emergency grievance from medical only with an answered I-60. She wrote that on his Step 1 which I helped him prepare. He sent the Step 2 to that off 09-11-19. I'm showing how Samantha Sullivan Investigator II is misleading us offenders and that's why this Step 2 should be processed. I would have submitted it before the deadline if she wouldn't have misled me. The reason I filed that Step 1 was because I was planning on filing a Federal Suit because of the Substitute Counsels actions in case the TDCJ cannot resolve this themselves. So she's attempting to interfere with my legal proceedings. I'm hoping to have my Step 1 and Step 2 be processed and investigated along with Samantha Sullivan's actions. I'm more than willing to talk to any of you in person. And yes I held this up to the camera to verify it's delivery to the grievance box. And I do keep copies.

**I-128 Front** (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

SEP SEP 2 3 2019

**Appendix G**

**Offender Signature:** _Kenett Robg_   **Date:** _09-18-19_

**Grievance Response:**


**Signature Authority:**_____   **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**
☐ 2. **Illegible/Incomprehensible.***
☐ 3. **Originals not submitted. ***
☐ 4. **Inappropriate/Excessive attachments.***
☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**
☐ 6. **Inappropriate.***


**CGO Staff Signature:** _____

| OFFICE USE ONLY |
| --- |
| **Initial Submission**          **CGO Initials:** _____ |
| Date UGI Recd:_____ |
| Date CGO Recd:_____ |
| (check one) ____Screened    ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender:_____ |
| **2nd Submission**          **CGO Initials:** _____ |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ____Screened    ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |
| **3rd Submission**          **CGO Initials:** _____ |
| Date UGI Recd: _____ |
| Date CGO Recd:_____ |
| (check one) ____Screened    ____Improperly Submitted |
| Comments: _____ |
| Date Returned to Offender: _____ |

**I-128 Back** (Revised 11-2010)                    **Appendix G**

TDCJ HEARING RECORD and DISCIPLINARY REPORT

Case 1:20-cv-01021 Document 1 Filed 05/13/20 Page 31 of 32 PageID 11

DISCIPLINARY ENTRY REPORT AND HEARING RECORD

DATE: 2019-01-54634 TDCJ-ID #: 00182574 NAME: NOBLE, KENNETH DWAYNE EM: J1.8

AGE/DOB: HSNG: 12B01 A5.B JOB: CLOTHING EXCHANGER SEG 2ND IQ: 086
ED: 03 CUST: G2 PRIMARY LANGUAGE: ENGLISH LMHA RESTRICTIONS: NONE
MA / MSA OFF.DATE: 02/21/19 DA: AM/AM LOCATION: RB LAUNDRY

OFFENSE DESCRIPTION
THE LISTED ABOVE, AT/AT RB LAUNDRY (6 BLDG), OFFENDER:
TDCJ-ID NO. 00182574, DID ATTEMPT TO ESTABLISH AN
RELATIONSHIP WITH CYNTHIA PITCOCK WHICH JEOPARDIZES OR HAS THE
TO JEOPARDIZE THE SECURITY OF THE AGENCY, OR COMPROMISE THE
OF THE EMPLOYEE BY TELLING ME THAT I'M PRETTY AND THAT HE WANTED
TIME WITH ME.

CERT: PITCOCK, C. LM II            SHIFT/CHOW: 1 H

OFFENDER NOTIFICATION   IF EMPLOYEE INTERPRETER,
NOTIFIED: 1/25/19      DATE (PRINT)
WILL BEFORE HEARING OFFICER HOURS OR MORE AFTER RECEIPT OF THIS
DO YOU WANT TO ATTEND THE HEARING (YES) NO  IF NO, HOW DO YOU
PLEAD: NOT GUILTY

NOTIFICATION SIGNATURE: X          DATE: 2/25/19
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
WAIVER SIGNATURE:                  DATE:

HEARING INFORMATION
HEARING DATE: 2/26/19  TIME: 1:50  UNIT: FOLDER  FILE  DSFILE
COUNSEL SUBSTITUTE AT HEARING:        FOLDER    FILE    DSFILE
EXPLAIN BELOW IF NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
OF THE HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR DOCUMENTATION WAS EXCLUDED FROM
HEARING, (5) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS, (6) WEEKENDS OR HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED.

OFFENDER STATEMENT:

OFFENSE CODES:          30.1
OFFENDER PLEA: (G, NG, NONE)
FINDINGS: (G, NG, DD)
REDUCED TO MINOR(PRIOR TO DOCKET)  (DOCKET)  (HEARING)  BY: (INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON (S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL:

PUNISHMENT
LOSS OF PRIV(DAYS)          REPRIMAND.............
RECREATION(DAYS) 45    EXTRA DUTY(HOURS)......      REMAIN LINE 3........
COMMISSARY(DAYS) 60   CONT.VISIT SUSP.THRU / /     REDUC.CLASS FROM S3 TO S4
PROPERTY(DAYS)..       CELL RESTR(DAYS)........     GOOD TIME LOST(DAYS). 30
QTR(DAYS).. 60    SPECIAL CELL RESTR(DAYS).        DAMAGES/FORFEIT.$
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
            Due to nature of offense

FOR PRE-HEARING DETENTION TIME? YES(DAYS)      NO / (NO)
PLACED IN PRE-HEARING DETENTION: 2/21/19  HEARING LENGTH  11  (MINUTES)
SIGNATURE FOR RECEIPT OF FINAL REPORT: X

OFFICER (PRINT)   WARDEN            REVIEWER SIGNATURE
CONSULT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
CONSULTE A SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA.

Kenneth Robles #2182574
Robertson Unit
12071 F.M. 3522
Abilene, Tx 79601

LEGAL

United States District Court
Nothern District of Texas
P.O. Box 1218
Abilene, Texas 79604



RECEIVED
MAR 12 2020
CLERK U.S. DISTRICT COURT
NORTHERN ... TEXAS